IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD BUSH,** : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 2:23-cv-2216-JDW |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** *et al.*, : | |
| Defendants. : | |

## **MEMORANDUM**

Gerald Bush is awaiting trial in the Philadelphia Court of Common Pleas on charges of aggravated assault upon a victim less than 13 years of age, endangering the welfare of a child by a parent or guardian, simple assault, and recklessly endangering another person. In the meantime, he filed this civil rights action naming as Defendants the Commonwealth of Pennsylvania, the City of Philadelphia, the Philadelphia Police Department, the District Attorney's Office of Philadelphia, and the "State of Pennsylvania as Employers of City Agency." *See Bush v. City of Philadelphia*, Civ. A. No. 23-2198. For the following reasons, I will grant Mr. Bush leave to proceed *in forma pauperis* and dismiss the Complaint.

I.   **FACTUAL ALLEGATIONS**

Mr. Bush asserts that Philadelphia Police Officer Vincent Guarna and the Philadelphia Police Department subjected him to a false arrest, acted in bad faith, and provided false information or misstated material facts in order to establish probable

cause to arrest him. Ofc. Guarna stated falsely that Mr. Bush "lift[ed a] child in bathroom that resulted in injury" to the child.  (ECF No. 2 at 4.) Mr. Bush has a knee injury that would have prevented his movement at the time this happened, and his injury meant he could not prevent the injury to the child. The "police" claimed that Bush assaulted the child and that this "violated the family integrity laws of the United States Constitution" and constituted false arrest.  (*Id*. at 5.)  He seeks money damages. Mr. Bush has also moved for a stay of this case pending the outcome of a habeas corpus petition that he has filed in this Court.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a judge grants a plaintiff leave to proceed *in forma pauperis*, the judge must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires application of the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Moreover, because Mr. Bush is proceeding *pro se*, I must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

### A.   *In Forma Pauperis*

Mr. Bush has completed the form on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. His application demonstrates that he lacks the income or assets to pay the required filing fees.  I will permit him to proceed *in forma pauperis*.

### A.   **Plausibility Of Claims**

Mr. Bush asserts constitutional claims for false arrest and seeks money damages. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1.   **Claims against the Commonwealth**

Mr. Bush names the Commonwealth both directly and by naming the "State of Pennsylvania as Employers of City Agency."  States are not "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Also, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).  The Commonwealth of Pennsylvania has not waived that immunity. *See*

42 Pa. Cons. Stat. § 8521(b).  Therefore, Mr. Bush cannot pursue a claim for money damages against the Commonwealth, and I will dismiss those claims with prejudice.

### 2. Claims against the District Attorney's Office

Mr. Bush doesn't allege any facts about the District Attorney's Office, even though he names it as a defendant.  The Third Circuit has held that district attorney's offices in Pennsylvania are not entities subject to suit under § 1983.  See *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997). Therefore, I will dismiss Mr. Bush's claims against the District Attorney's Office with prejudice.

### 3. Claims against the City and the Philadelphia Police

Local governments can be liable as "persons" under § 1983, but the liability extends only to "their *own* illegal acts."  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)).  To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  See *Monell*, 436 U.S. at 694.  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  Mr. Bush fails to allege that his constitutional rights were violated due to a specific policy or custom of the City of Philadelphia, so he has failed to allege a plausible claim under *Monell*.

4

As for the claims against the Philadelphia Police, courts have held that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997). Thus, while a municipality might be liable under § 1983, a police department, as a sub-unit of the municipality, may not. I will therefore dismiss the claims against the Police Department with prejudice.

## IV. CONCLUSION

Mr. Bush's claims against the Commonwealth, the Philadelphia District Attorney's Office, and the Philadelphia Police Department cannot stand as a matter of law, so I will dismiss them with prejudice. I will dismiss his claim against the City without prejudice and give him an opportunity to file an amended complaint. Given this disposition, I will deny Mr. Bush's motion to stay as moot. An appropriate Order follows.

                                      **BY THE COURT:**

                              */s/ Joshua D. Wolson*
                              **JOSHUA D. WOLSON, J.**

August 17, 2023