IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD BUSH, : | |
|    Plaintiff, : | |
| : | |
| v. : | Case No. 2:23-cv-2216-JDW |
| : | |
| COMMONWEALTH : | |
| OF PENNSYLVANIA, et al., : | |
|    Defendants. : | |

### MEMORANDUM

Gerald Bush has filed a Second Amended Complaint ("SAC"). Because I have granted him *in forma pauperis* status, I must screen the SAC. I will dismiss his claims because they would call into question his state court conviction, in violation of Supreme Court precedent.

### I. BACKGROUND

The SAC consists of the Court's form complaint for unrepresented litigants to file civil rights claims, which he has supplemented with a typewritten "Amended Complaint," a copy of Lisa Keller's business card identifying her as a DHS Social Worker Services Trainee, two handwritten notes from family members, and two typewritten pages titled "Amendment of Family Integrity Claim Under Fourth and Fourteenth Amendment of the United States Constitution." I will consider the entire submission to comprise the SAC. Mr. Bush also filed a pleading he titled "Power to Grant Writ," a nine-page typewritten and unsigned recitation of law and fact. (ECF No. 17.) It does not appear that Mr. Bush

intended to amend his Second Amended Complaint with this document. And it's unsigned, so I will not consider it. *See* Fed. R. Civ. P. 11(a).

Mr. Bush's allegations are somewhat unclear, but the gravamen of his claim appears to be that, at the time of an incident giving rise to his arrest, he suffered from a weakness in his knee that somehow caused an injury to a child, for which he was arrested. He names as Defendants the City of Philadelphia, unnamed City of Philadelphia and Philadelphia Police Department employees, Police Officer Guarna Vincent (misspelled "Vinciet" throughout the SAC), DHS, and Ms. Keller.

Mr. Bush alleges that he was arrested without probable because the unidentified arresting officer did not investigate whether Bush was able to safely carry the child given his weak knee and that the arrest violated an alleged City policy to determine whether an arrestee is suffering from a medical disability before he is arrested. He alleges that following his arrest, Officer Vincent, Ms. Keller, and the City were negligent in their investigation into his knee injury, that a proper investigation would have resulted in reduced charges, and that no "stay away" orders would have been entered. However, he also alleges that he both described his injury and provided supporting documentation to DHS and the police during the investigation. As a result, the City had this information, but disregarded it at all stages of the investigation and prosecution. Mr. Bush alleges that the resulting charges and "stay away" orders have had a devastating effect on his family relationships, as they are now angry and mistrustful of him. His entire family needed

therapy, and he experienced emotional distress and has incurred expenses for treatment of his emotional injuries.

In Count One of the SAC, Mr. Bush asserts claims against the City of Philadelphia and Defendant Vincent for negligence and for violations of Bush's Fourth and Fourteenth Amendment rights. He references the "Family Integrity Laws" included in the United States Constitution. In Count Two, Mr. Bush asserts claims against DHS and Ms. Keller for negligence. He also asserts that the state used false evidence against him and disregarded evidence of his injury and thereby violated his Fourth and Fourteenth Amendment rights by pursuing false charges against him. Mr. Bush requests an award of money damages.

The docket in *Commonwealth v. Bush*, CP-51-CR-3748-2023 (C.P. Phila.) reflects that on October 31, 2023, Bush entered a plea of *nolo contendere* to two counts of endangering the welfare of children as a parent or guardian. He was sentenced that day to 11 ½ to 23 months incarceration with immediate parole to be followed by one year of probation.

## II.     LEGAL STANDARD

Because I granted Mr. Bush leave to proceed *in forma pauperis*, I must screen the SAC and dismiss it if it fails to state a plausible claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That determination requires me to apply the standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). I therefore must determine whether the complaint contains "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Bush is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.   ANALYSIS

The vehicle by which a plaintiff can bring federal constitutional claims in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Mr. Bush claims that Defendants violated his rights when they arrested him without probable cause pursuant to a City policy, by negligently conducting a child abuse investigation, and by deliberately lodging false charges against him when it could not substantiate its original charges, resulting in judicial proceedings and a conviction that violated his Fourth and Fourteenth Amendment rights. I construe the Second Amended

Complaint as asserting Fourth Amendment false arrest and malicious prosecution claims and state law claims for negligence.[1]

Mr. Bush's claims cannot proceed. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Mr. Bush claims that because of his illegal arrest and the Defendants' negligent investigation, he was falsely charged with and pleaded no contest to two counts of endangering the welfare of children. Were I to entertain these claims and find in favor of Mr. Bush, that holding would call into question the validity of his conviction. Because

---

[1] The United States Supreme Court has held that a plaintiff may not predicate § 1983 claims on a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378, 387 (1989).

public records show that no court has reversed Mr. Bush's conviction or otherwise declared it invalid or called it into question, his claims are not cognizable. *See, e.ge., Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016) I will therefore dismiss these claims without prejudice for failure to state a claim.  Mr. Bush has filed a petition for *habeas corpus* in this Court. *See Bush v. District Attorney of the County of Philadelphia*, Civ. A. No. 24-0215. If he prevails, he can revisit these claims.

**IV.   CONCLUSION**

Mr. Bush's claims are not viable unless he gets his conviction overturned or set aside. I will therefore dismiss his claims without prejudice, and he can refile them if he succeeds in challenging his conviction. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 6, 2024